884 F.2d 1390
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Terry VANDERHALL, Defendant-Appellant.
 No. 89-5570.
 United States Court of Appeals, Fourth Circuit.
 Argued June 9, 1989.
Decided Aug. 23, 1989.
 
 Susan Zalkin Hitt, Assistant Federal Public Defender for appellant.
 Eric William Ruschky, Assistant United States Attorney (E. Bart Daniel, United States Attorney on brief) for appellee.
 Before CHAPMAN and WILKINSON, Circuit Judges, and JAMES R. SPENCER, United States District Judge for the Eastern District of Virginia, sitting by designation.
 PER CURIAM:
 
 
 1
 In this case we must determine if the district court's denial of a two-level reduction in offense level for acceptance of responsibility violated appellant's Fifth and Sixth Amendment rights and was contrary to Sec. 3E1.1 of the United States Sentencing Commission Guidelines. We find the district court's determination both constitutional and consistent with Sec. 3E1.1.
 
 I.
 
 2
 Appellant Terry Vanderhall, a twenty-seven year old resident of Ridgeway, South Carolina, sold cocaine on four occasions (November 23, 1987, December 1, 1987, January 22, 1988, and March 22, 1988) to an acquaintance who was actually a paid informant for both the Drug Enforcement Agency and the South Carolina Law Enforcement Division. On May 4, 1988, as a result of these sales, appellant was charged with conspiracy and four counts of cocaine distribution. Following a two day trial, a jury found appellant guilty on all five counts.
 
 
 3
 Because appellant's offenses occurred after November 1, 1987, the Sentencing Reform Act of 1984 was applicable. Pursuant to the United States Sentencing Commission Guidelines, Probation Officer James R. Parks calculated appellant's guideline sentence range as 10-16 months for each count. In calculating appellant's sentence range, Officer Parks considered Sec. 3E1.1 of the Sentencing Guidelines, which provides for a two-level acceptance of responsibility reduction in offense category, but recommended that appellant's offense category not be reduced two levels pursuant to Sec. 3E1.1.
 
 
 4
 Vanderhall objected to the officer's recommendation. After entertaining appellant's objection at the sentencing hearing, the district court found appellant ineligible for the two-level reduction. The court sentenced appellant to a term of 16 months on each of the five counts, to be served concurrently, and to a special assessment of $50 on each count. This appeal followed.
 
 II.
 
 5
 Appellant argues that the district court erred in denying him a two-level acceptance of responsibility reduction in his offense category. He contends that the district court chose not to reduce his offense category because he did not plead guilty, in violation of his Fifth and Sixth Amendment rights and of Sec. 3E1.1 of the Sentencing Guidelines.
 
 
 6
 Section 3E1.1 of the Sentencing Guidelines provides for a two-level acceptance of responsibility reduction in offense category:
 
 
 7
 (a) If the defendant clearly demonstrates a recognition and affirmative acceptance of personal responsibility for his criminal conduct, reduce the offense level by 2 levels.
 
 
 8
 (b) A defendant may be given consideration under this section without regard to whether his conviction is based upon a guilty plea or a finding of guilt by the court or jury or the practical certainty of conviction at trial.
 
 
 9
 (c) A defendant who enters a guilty plea is not entitled to a sentencing reduction under this section as a matter of right.
 
 
 10
 In determining whether a defendant qualifies for a two-level reduction, the district court may consider several examples of voluntary conduct by the defendant, such as voluntary termination of criminal conduct and voluntary admission of involvement in the offense, see Guidelines Sec. 3E1.1 Commentary 1(a); 1(c), as well as "the timeliness of the defendant's conduct in manifesting the acceptance of responsibility." Id. at Commentary 1(g). The fact that a defendant was found guilty by a court or jury does not preclude him from consideration under this section: a defendant "may manifest sincere contrition even if he exercises his constitutional right to a trial," id. at Commentary 2, although he "may find it difficult, after conviction, to persuade the district court that he is entitled to this reduction." United States v. White, 869 F.2d 822, 826 (5th Cir.1989). Likewise, while a "guilty plea may provide some evidence of defendant's acceptance of responsibility," it does not automatically entitle him to a reduced sentence. Guidelines, Sec. 3E1.1 Commentary 3.
 
 
 11
 In reviewing the district court's determination of the appropriateness of a two-level reduction, we must accept its findings "unless they are clearly erroneous and shall give due deference to the district court's application of the guidelines of the facts." 18 U.S.C. Sec. 3742(e). Here, the court found a two-level reduction in appellant's offense category inappropriate. In doing so, the court relied on the timeliness of appellant's acceptance of responsibility as one factor in its determination of his genuineness. As the court recognized, appellant showed no remorse until the penalty stage of his trial, an indication that he was not truly sorry but only feigned remorse so as to lessen his sentence. Because "[t]he sentencing judge is in a unique position to evaluate [appellant's] acceptance of responsibility," Guidelines, Sec. 3E1.1 Commentary 5, we defer to his decision where, as here, there is no indication it was clearly erroneous.
 
 
 12
 We find no merit in appellant's contention that the denial of the two-level reduction interfered with the exercise of his Fifth or Sixth Amendment rights. The Guidelines permit a decision based upon the timeliness and genuineness of a defendant's acceptance of personal responsibility for his criminal conduct. As the Guidelines make clear, this is a matter which is separate and independent of the decision to go to trial.
 
 The judgment of the district court is
 
 13
 AFFIRMED.